**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

In re MARCUS L. WILLIAMS,

        Petitioner,

vs.                                          Case No. 3:08-cv-1048-J-32TEM

UNITED STATES OF AMERICA,

        Respondent.

**ORDER**[1]

On February 18, 2009, after considering the petitioner's habeas corpus petition, this Court issued an order affording the petitioner an opportunity to state a cause of action over which this Court has jurisdiction. (Doc. 6.) With permission, the petitioner has now filed a supplemental brief attempting to explain why this Court has subject matter jurisdiction. (Doc. 7.) While petitioner appears to be making every effort to prosecute his grievances, including those relating to whether he was subject to court-martial jurisdiction,[2] this Court is not the forum to do so because for the reasons given in the February 18, 2009 Order–and notwithstanding the additional arguments raised by petitioner in his supplemental brief–the

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

[2] The Court notes that the District Court for the District of Kansas has addressed petitioner's jurisdictional grievances, finding them to be without merit. Williams v. Inch, et al., No. 07-3018-RDR (D. Kan. Sept. 26, 2007), aff'd sub nom. Williams v. Weathersbee, 280 Fed. Appx. 684 (10th Cir. 2008), cert. denied, 129 S. Ct. 210 (Oct. 6, 2008).

Court lacks subject matter jurisdiction.[3]

Accordingly, it is hereby

**ORDERED:**

This case is **DISMISSED** with prejudice; the Clerk shall close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 13th day of March, 2009.

TIMOTHY J. CORRIGAN
United States District Judge

s./a.

Copies:

*pro se* petitioner

---

[3]Unlike the District Court for the District of Kansas, this Court received the petition for habeas corpus after petitioner was released from confinement.